J-S33034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL FRANCIS | |
| Appellant | No. 3135 EDA 2013 |

Appeal from the PCRA Order dated October 11, 2013
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0000245-2008

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 22, 2014**

Appellant Daniel Francis appeals from an order of the Court of Common Pleas of Northampton County (PCRA court), which denied his request for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  Upon review, we affirm.

The facts underlying this appeal are undisputed.  As the PCRA court recounted:

> On December 18, 2007, the Bethlehem Police Department charged [Appellant] with . . . felonious theft and fraud[.] [Appellant's] location was unknown at the time.  Consequently, about five (5) years passed before [Appellant] was arrested on these charges. . . .
>
> On September 13, 2012, [Appellant] entered a guilty plea . . . to one (1) count of theft as a F3.[1]   The [p]resentence

_____

[1] In exchange for this plea, the Commonwealth withdrew the charges against Appellant for theft by failure to make required disposition of funds received (18 Pa.C.S. § 3927), receiving stolen property (18 Pa.C.S. § 3925),
*(Footnote Continued Next Page)*

[i]nvestigation report ("PSI") indicated that [Appellant] had made a series of unverified representations to his Probation Officer, Bernard Mikulski, and his appointed counsel, Joseph Yannuzzi, Esquire. For example, the PSI indicated that [Appellant] claimed to have acquired a Bachelor of Arts degree from DeSales University and to have had a significant history of employment with income of approximately $60,000 to $80,000 per year.

[Appellant] reiterated these assertions to [the PCRA court] during his PCRA evidentiary hearing on July 12, 2013. However, P.O. Mikulski testified that the Registrar at DeSales University had no record of [Appellant]. In addition, neither P.O. Mikulski nor Attorney Yannuzzi could verify the information regarding [Appellant's] employment history. The PSI also established that [Appellant] had an extensive criminal history of fraud, theft, and controlled substance charges spanning two decades and three states.

The [trial court] sentenced [Appellant] to eighteen (18) to thirty-six (36) months in state prison, followed by forty-eight (48) months of probation. . . .

Thereafter, [Appellant] filed a timely *pro se* PCRA petition alleging Attorney Yannuzzi's ineffective assistance of counsel at his guilty plea and sentencing hearings. Specifically, [Appellant] asserted that Attorney Yannuzzi was ineffective for failing to assert a violation of his rights to a speedy trial pursuant to Pa.R.Crim.P. 600.

The [PCRA court] appointed Robert Sletvold, Esquire, to represent [Appellant] in this PCRA matter.

PCRA Court Opinion, 10/11/13, at 1-3 (footnote omitted). On December 19, 2013, the PCRA court issued an opinion in accordance with Pa.R.A.P. 1925(a), which rejected as meritless Appellant's ineffectiveness of counsel claims.[2] With regard to the issue of ineffective assistance of counsel at the time of guilty plea, the PCRA court concluded:

*(Footnote Continued)* ───────────────

deceptive or fraudulent business practices (18 Pa.C.S. § 4107(a)(8)(iv)), and misapplication of entrusted property and property of government or financial institutions (18 Pa.C.S. § 4113(a)).

[2] In its 1925(a) opinion titled "statement," the PCRA court incorporated by reference its October 11, 2013 opinion.

[T]he record establishes that the [trial court] engaged in an extensive colloquy[3] with [Appellant] during his guilty plea hearing. The [trial court] asked [Appellant] whether he understood that (a) this was a guilty plea proceeding; (b) he was essentially convicting himself; (c) he had negotiated a guilty plea on the felony theft charge in exchange for the Commonwealth dropping other charges against him; (d) he was satisfied with Attorney Yannuzzi's representation; (e) he was aware of his right to go to trial; and (f) he elected to accept the negotiated plea instead of going to trial. [Appellant] answered each question affirmatively. [As a result,] the unequivocal nature of these responses conclusively establish[] the knowing and voluntary nature of his guilty plea.

*Id.* at 3-4. Addressing the ineffectiveness claim relating to Rule 600, the

PCRA court reasoned:

[T]he record establishes that Attorney Yannuzzi discussed the possibility of pursuing a Rule 600 violation with [Appellant] prior to the entry of his plea. Apparently, they decided to forgo this course of action in favor of a potential mitigated sentence based on [Appellant's] payment of significant restitution. [Appellant] foreclosed this opportunity by failing to make any restitution payments.

*Id.*

On appeal,[4] Appellant repeats the arguments contained in his Rule

1925(b) statement. He argues that the PCRA court erred in determining

---

[3] It is unclear whether the PCRA court refers to the guilty plea hearing transcript (oral colloquy) or the written colloquy contained in the original record here.

[4] Our review of a PCRA court order dismissing a petition under the PCRA is subject to the following standard:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford

*(Footnote Continued Next Page)*

that his trial counsel was not ineffective for failing to raise a Rule 600 objection and advising Appellant to plead guilty.

> As we have long noted:

> It is well-settled that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687–91[] (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components.

> ***Commonwealth v. Pierce***, [] 527 A.2d 973, 975 ([Pa.] 1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id***.

***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012); ***see also***

***Commonwealth v. Philistin***, 53 A.3d 1, 10 (Pa. 2012) ("[C]ounsel is

presumed effective, and [appellant] bears the burden of proving

otherwise.").

> Failure to prove any prong of [the ***Pierce***] test will defeat an ineffectiveness claim. ***Commonwealth v. Basemore***, [] 744 A.2d 717, 738 n. 23 ([Pa.] 2000). Counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, [] 912 A.2d 268, 278 ([Pa.] 2006). Additionally, we only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option. [***Commonwealth v.***] ***Steele***, [961 A.2d 786,] 797 [(Pa. 2008)].

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺⸺⸺

> no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012) (quotation and internal citations omitted), ***appeal denied***, 64 A.3d 631 (Pa. 2013).

***Philistin***, 53 A.3d at 10. Also, as our Supreme Court has explained:

> With regard to the second, *i.e.,* the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if [a]ppellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued."[5] [***Commonwealth v.***] ***Cox***, [983 A.2d 666,] 678 [(Pa. 2009)] (quoting ***Commonwealth v. Williams***, [] 899 A.2d 1060, 1064 (2006)). To establish the third prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. ***Commonwealth v. Dennis***, [] 950 A.2d 945, 954 (2008).

***Commonwealth v. Hutchinson***, 25 A.3d 277, 285 (Pa. 2011).

With the above principles in mind, we now evaluate Appellant's claim that his trial counsel was ineffective for failing to raise a Rule 600 objection to the complaint filed against him. Specifically, Appellant contends that 1732 days had passed between the filing of the complaint against him (December 18, 2007) and his tendering of the guilty plea (September 13, 2012), and that "the Commonwealth offered no evidence whatsoever that a Rule 600 challenge was meritless." Appellant's Brief at 18.

To begin our ineffectiveness of counsel analysis, we must determine whether Appellant meets the first prong of the ***Pierce*** test—*i.e.,* arguable merit—by establishing a valid Rule 600 claim. Rule 600 provides that a defendant on bail is entitled to have trial commence no later than 365 days

---

[5] "To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct." ***Commonwealth v. Chmiel***, 889 A.2d 501, 540-41 (Pa. 2005).

after the complaint date. *See* Pa.R.Crim.P. 600(A)(3).[6] When computing the number of pretrial days attributable to the Commonwealth under this rule, certain delays are excluded, such as those occasioned by defense postponements, by express defense waivers of Rule 600, by the unavailability of the defendant or defense counsel, and/or b*y the fact that the defendant could not be located and apprehended*. *See* Pa.R.Crim.P. 600(C) (emphasis added). Rule 600(C) also excludes "the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended, because his or her whereabouts were unknown and could not be determined by due diligence[.]" Pa.R.Crim.P. 600(C)(1).

At any time prior to trial, a defendant may move for dismissal of the case if Rule 600 has been violated. *See* Pa.R.Crim.P. 600(G). However, even when the defendant has not been tried within 365 days, and even when those days appear to be attributable to the Commonwealth, a Rule 600 motion shall nevertheless be denied if the Commonwealth proves that it acted with due diligence in attempting to try the defendant timely and that the circumstances occasioning the delay were beyond the Commonwealth's

_____

[6] We note that amendments to Rule 600 were adopted on October 1, 2012, and came into effect on July 13, 2013. This proceeding, however, is governed by the previous version of Rule 600, which was in effect prior to July 13, 2013.

control. *See Commonwealth v. Frye*, 909 A.2d 853, 858 (Pa. Super. 2006); *see also* Pa.R.Crim.P. 600(G).

Due diligence is a fact-specific concept to be determined on a case-by-case basis. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa. Super. 2007). Although due diligence does not demand perfection, it does require the Commonwealth to put forth a reasonable effort. *See id.* For example, due diligence requires the Commonwealth to employ a record-keeping system to keep track of its cases so that they are prosecuted within the time requirements of the law. *See Commonwealth v. Browne*, 584 A.2d 902, 906 (Pa. 1990). The failure to employ a diary or other record-keeping system shows a lack of due diligence. *Id.*

A meritorious Rule 600 motion would result in dismissal of the charges against Appellant. *See* Pa.R.Crim.P. 600(G). Accordingly, prejudice will be established upon a showing of a meritorious claim. *See Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003). We, therefore, must assess if a Rule 600 motion would have been meritorious in order to determine if trial counsel was ineffective for failing to file such a motion.

Our review of the docket reveals that the Bethlehem Police department filed a complaint against Appellant on December 18, 2007. Appellant, however, was not arrested until August 25, 2012. N.T., PRCA Hearing, 6/5/13, at 12-13. Appellant subsequently appeared at his arraignment where he pleaded guilty to theft by unlawful taking (18 Pa.C.S. § 3921(a)(1)) on September 13, 2012. Disregarding for a moment the

reasons advanced by Appellant's trial counsel for foregoing a Rule 600 objection, we note that if the time from the date of the complaint until Appellant's arrest was excludable under Rule 600(C)(1), Appellant's adjusted run date would be calculated as expiring on August 25, 2013, and Rule 600 would have been satisfied. If, however, the time from the complaint until Appellant's arrest was not excludable under Rule 600(C)(1), then Rule 600 was not satisfied, and a Rule 600 motion may have been meritorious.

Ordinarily, upon the proper and timely filing of a Rule 600 motion, it would be the Commonwealth's burden to establish that due diligence was exercised in locating and apprehending Appellant during the time period potentially excludable under Rule 600. The procedural posture of this case, however, is such that Appellant, upon collateral review, is attempting to demonstrate trial counsel was ineffective for failing to file a Rule 600 motion, and thus, Appellant bears both the burdens of production and persuasion in demonstrating that he was prejudiced by the failure of trial counsel to file a Rule 600 motion. **See Chmiel**, 889 A.2d at 540 ("The burden of proving ineffectiveness rests with Appellant."); **see also Commonwealth v. Natividad**, 938 A.2d 310, 321-22 (Pa. 2007) (noting that an appellant bears the burden of pleading and proving each of the **Pierce** prongs on appeal).

In his brief to this Court, Appellant reasons that his trial counsel was ineffective "in failing to pursue a Rule 600 dismissal where time that elapsed from the date of the complaint being filed, December 18, 2007, through the tendering of the guilty plea, September 13, 2012, [was] 1732 days."

- 8 -

Appellant's Brief at 18. Additionally, Appellant argues that "the Commonwealth offered no evidence whatsoever that a Rule 600 challenge was meritless." *Id.* As a result, Appellant argues that he was prejudiced by being "prosecuted and sentenced for a crime which would have been dismissed if his appointed public defender had been effective." *Id.*

As explained above, the burden of proof rests with an appellant when he/she challenges a Rule 600 violation as part of his/her ineffectiveness of counsel claim within a PCRA context. Here, Appellant does not develop an argument in his brief sufficient to suggest that the Commonwealth failed to exercise due diligence in locating and apprehending him. In fact, our review of the record, including the PCRA hearing transcript, indicates that Appellant failed to adduce evidence as to why the Commonwealth failed to try him within 365 of days of the filing of the complaint. Thus, we cannot conclude from the evidence of record that the Commonwealth failed to exercise due diligence in apprehending Appellant after the filing of the complaint. We, therefore, conclude that Appellant has failed to show the arguable-merit prong of his claim that his trial counsel was ineffective for failing to file a Rule 600 motion. *See Philistin*, 53 A.3d at 10 (Failure to prove any prong of [the *Pierce*] test will defeat an ineffectiveness claim).

Appellant next argues that the PCRA court erred in concluding that his trial counsel was not ineffective for advising him to plead guilty to theft.[7] Specifically, Appellant argues only that his trial counsel "managed to convince [him] to plead guilty with an expected deal of time served [(90 days' imprisonment)] or, at the very least, explained to [Appellant] that litigating a meritorious constitutional violation would keep [Appellant] in jail longer than he would serve if [he] just pleaded guilty." Appellant's Brief at 11. Consequently, Appellant argues, that his guilty plea was not valid and that he should be permitted to withdraw the same to have his pretrial and trial rights reinstated.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the

_____

[7] To the extent Appellant argues that his trial counsel was ineffective for failing to move to withdraw the plea agreement prior to sentencing "when it became clear that the expected sentence was not that which would be imposed," Appellant's Brief at 11, we must reject this argument as waived, because Appellant failed to raise it in his 1925(b) statement or in the question presented section of his brief. *See* Pa.R.A.P. 1925(b)(4) and 2116(a). Nonetheless, even if the issue was not waived, we still would dismiss it as lacking merit. It is settled that a trial court should grant a pre-sentence request to withdraw a plea of guilty for any "fair and just reason," unless granting the motion would substantially prejudice the Commonwealth. ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). Here, Appellant has failed to not only cite to any authority in support of his argument, but also has failed develop any argument in his brief indicating that his guilty plea could have been withdrawn upon a fair and just reason and without substantial prejudice to the Commonwealth. ***See*** Pa.R.A.P. 2119(a); ***Commonwealth v. Charleston***, __ A.3d __, 2014 WL 25575752014, at *7 (Pa. Super. June 6, 2014).

ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made. Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.

**Commonwealth v. Timchak**, 69 A.3d 765, 769-70 (Pa. Super. 2013) (internal citation and quotation marks omitted).

We determine first whether Appellant meets the second prong of the **Pierce** test, *i.e.*, whether his trial counsel had any reasonable basis for his actions. In this regard, we observe that insofar as Appellant argues his trial counsel assured him a prison sentence of 90 days, we disagree. At the PCRA hearing, his trial counsel specifically testified:

I would never say it's a ninety day sentence. That is the low end of the standard range, there's a very good possibility you'll get that if you come up with this $14,000. . . . There was no question he was going to be able to come up with that money. . . . That was the course. [Appellant] was going to plead, come up with the money, we were going to come back for sentencing, and it was going be a done deal. However in the meantime, the PSI comes back with thirteen, fourteen convictions, a prior record score of five. Every piece of information [Appellant] gave me, from his education, his employment, was all contradicted in the PSI.

N.T. PCRA, 6/5/13, at 51-52. In the words of the PCRA court, "they decided to forgo [pursuing a Rule 600 violation] in favor of a potential mitigated sentence based on [Appellant's] payment of significant restitution. [Appellant] foreclosed this opportunity by failing to make any restitution payments." PCRA Court Opinion, 1/11/13, at 1-3. Given these facts of

- 11 -

record, the trial court did not err in concluding that Appellant's trial counsel rendered effective assistance because he had a reasonable basis for recommending the guilty plea with the *possibility* of a 90-day sentence based on Appellant's representations regarding his ability to pay restitution to his victims.[8]   Accordingly, because Appellant fails to meet the second **Pierce** prong, we need not determine whether his underlying claim had any arguable merit.[9]

Nonetheless, if we were to determine the substance of his claim, that is whether his plea of guilty was valid, we would conclude that it is devoid of any arguable merit.  To be valid, a plea must be voluntary, knowing, and intelligent.   **Commonwealth v. Persinger**, 615 A.2d 1305, 1307 (Pa. 1992).  To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea.  It first requires that a guilty plea be offered in open court.  The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently

---

[8] We reject as meritless Appellant's bald contention that his trial counsel represented to him that pleading guilty would result in a shorter sentence than litigating *constitutional* issues.  Tellingly, Appellant does not identify in his brief any constitutional issues he allegedly forfeited by pleading guilty.

[9] We observe that Appellant does not assert any facts to establish that an alternative not chosen by his trial counsel offered a potential for success substantially greater than the course actually pursued.

J-S33034-14

entered. As the Comment to Rule 590 provides, at a minimum, the PCRA

court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[10] In **Yeomans**, this Court explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Commonwealth. v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011)

(citing **Commonwealth v. Fluharty**, 632 A.2d 312, 314-15 (Pa. Super.

1993)).

> The longstanding rule of Pennsylvania law is that a defendant *may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.* A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert

---

[10] The Comment also includes a seventh question, which is applicable only when a defendant pleads guilty to murder generally.

- 13 -

grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. . . . [A] defendant who elects to plead guilty has a duty *to answer questions truthfully*.

**Yeomans**, 24 A.3d at 1047 (emphasis added).

In this regard, our review of the written and oral colloquy does not reveal any grounds for challenging the validity of the guilty plea. The written plea colloquy provides in pertinent parts:

7. Are you now being treated for a mental illness? No.

. . . .

9. Have you ever had any physical or mental illness that would affect your ability to understand your rights or affect the voluntary nature of your plea? No.

10. Are you presently taking any medications or drugs which might affect your thinking or free will? No.

11. Have you had any narcotics or alcohol in the last forty-eight (48) hours? No.

12. Have you read the information? Yes.

13. Do you understand that you are here today to enter a plea of guilty to some or all of the charges which led to your arrest? Yes.

14. Do you understand the nature of the charges to which your pleading guilty? Yes.

15. Each crime has a number of elements or things that the Commonwealth would have to prove at trial. Has your attorney explained to you each element of the crimes or crimes to which you are pleading guilty? Yes.

. . . .

17. Do you understand that under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania, you have an absolute right to trial by jury? Yes.

18. Do you understand that the right to trial by jury means you are able to participate in the selection of a jury with your attorney? Yes.

. . . .

22. In a jury trial, the jury must presume that you are innocent until proven guilty. The Commonwealth must prove you are guilty of each element of the crime or crimes charged against you beyond a reasonable doubt before you can be found guilty. A reasonable doubt is a doubt that would cause an ordinary and reasonable person to hesitate before going through with

- 14 -

something important to him. Do you understand these things? Yes.

. . . .

24. Do you understand that by pleading guilty, you give up your right to a trial, either by jury or before a judge? Yes.

. . . .

27. (a) I have been told the maximum range of the sentences and/or fines that can be imposed for each offense to which I am pleading guilty are as follows: [Theft 7 years maximum sentence and $10,000 fine].

(b) I have reviewed the Sentencing Guideline Form attached hereto.

28. Are you aware that the Court is not bound by the terms of any plea agreement entered between you, your counsel and the attorney for the Commonwealth until the Court accepts such a plea agreement? Yes.

. . . .

32. Do you understand that even after your guilty plea is accepted by the Court, you will have the right to file a motion to withdraw your guilty plea at any time prior to sentencing? Yes.

. . . .

37. Has anybody forced you by any means to enter the plea of guilty? No.

38. Are you doing this of your own free will? Yes.

39. Are you pleading guilty only because you gave an oral or written statement to the police? No.

40. Have any threats been made to you to enter a plea of guilty? No.

41. Have any promises been made to you to enter a plea of guilty other than any plea agreement that been negotiated for you by yourself or your attorney? No.

42. Are you satisfied with the representation of your attorney? Yes.

43. Have you had sufficient time to consult with your attorney before reading this statement and entering your plea of guilty? Yes.

44. Has your attorney reviewed with you the possible defenses to these charges and the witnesses you might call on your behalf? Yes.

45. Have you asked your attorney to do anything for you in connection with the charges or your defense that he has not done? No.

. . . .

49. Do you understand that, if your plea is accepted, you have the right to have a Pre-Sentence Report prepared on your behalf to aid the Judge in determining the appropriate sentence to be imposed upon you? **Yes.**

. . . .

53. Do you understand that the decision to enter a guilty plea is yours and your alone; that you do not have to enter a plea of guilty and give up all your rights as previously explained to you; and that no one can force you to enter a guilty plea? **Yes.**

Guilty Plea Statement, 9/13/12 (emphasis in original). Additionally, the plea hearing transcript reveals:

[The trial court]: Do you understand that this proceeding here, this is a guilty plea proceeding. Do you understand?

[Appellant]: Yes.

[The trial court]: Okay. You're effectively convicting yourself of theft, a felony of the third degree. Do you understand that?

[Appellant]: Yes.

[The trial court]: And you are negotiating, you're negotiating on your own behalf through your lawyer here, because you do not want the Commonwealth to convene the Court or the jury to prove every one of these charges against you. Is that correct?

[Appellant]: Yes.

[The trial court]: Okay. Are you satisfied that [your trial counsel] has provided to you a management plan for this case which is proper and effective in your mind?

[Appellant]: For the most part, yes.

[The trial court]: Well, you do have a right, nobody can force you to plead guilty. You do have a right to go to trial on this matter on all of these charges, and to compel a jury to convict you unanimously of committing these offenses. Do you understand that?

[Appellant]: Yes.

[The trial court]: All right. By offering a guilty plea and asking me to accept it, you are effectively saying, I don't want to do that. I don't want to go to trial on all of these charges, I want to negotiate so that I can accept responsibility, put this matter behind me.

[Appellant]: Yes, Your Honor.

. . . .

[The trial court]: Okay. Well, some things we can and cannot do. I'm willing to accept your guilty plea. I'll accept your guilty plea. I'm considering what we ought to do at this point in time,

- 16 -

because the standard range of sentence, it calls for incarceration up to and including a State incarceration profile. You're pleading at the earliest possible moment . . . and I will give you credit for that. . . . Here's what we are going to do in this case. I am going to accept his guilty plea. And I am not going to sentence him at this point in time. He's only been here a few days. . . . I am going to order a Presentence Investigation in this matter. Return him to the Northampton County Prison. And I am going to direct you to contact his employer to determine whether or not they are willing to keep him employed at NSF at his present salary. And I'd like to have a report on that prior to the time of the sentencing or prior to the time that the Presentence Investigation is completed. But otherwise, I am going to fix sentencing in this matter for thirty days from now.

. . . .

However, I have a sentencing guideline range that I am required to follow, which has a bottom of three months and a maximum of fourteen months.

. . . .

I don't know what your employer's position is with you, but I can tell you very seriously right now, *if you were in a position to pay this restitution to these victims, that would be very material to me in crafting a sentence* which would permit you to go back to work; okay? Now I don't know what your assets are, but we are going to order a Presentence Investigation and you're going to think about this, and [your trial counsel] is going to see me in the next few days and tell me about whether or not the restitution component of this case can be satisfied. That is, whether these citizens can recover the money that you took from them. Do you understand?

[Appellant]: All? I mean, a payment plan, absolutely, they can get it.

[The trial court]: Payment plans I am not interested in. I am not interested in more promises. *If I have to make a payment plan, it is going to be accompanied by a prison sentence and a long period of probation*, during which you will make regular payments. And if you miss one, then I have other powers. But I'm being asked to put you back in New York to work in your job. [Your trial counsel] is saying, would I consider a mitigated-range sentence, which would mean that I would not incarcerate you. And I'm unwilling to do that, unless you stroke a check to pay these victims. Do you understand that?

[Appellant]: Ah-ha.

[The trial court]: I am not willing to take a chance on you. I am not willing to use the authority of the Court to *mitigate a sentence unless I have a good reason to do so. And the reason to do so, as far as I am concerned, is that the victims get paid*. Do you understand that?

[Appellant]: Ah-ha.

- 17 -

[The trial court]:  Okay.

N.T. Plea, 9/13/12, at 11-19 (emphasis added).[11]

Here, the record indicates that the written plea agreement and oral colloquy conformed to Rule 590 and that Appellant entered into the agreement voluntarily, knowingly and intelligently.  Most important, the record also indicates Appellant was satisfied with his trial counsel's legal representation at the time he pleaded guilty.  Moreover, as the PCRA court found, the PSI revealed Appellant had made certain *unverified representations*, including his ability to compensate the victims of his theft, which in turn compelled the trial court to order the instant sentence of 18 to 36 months' imprisonment followed by 48 months of probation.  PCRA Court Opinion, 1/11/13, at 1-3.  As the transcript of the plea hearing indicates Appellant should have expected, at a minimum, this sentence.  During the plea hearing, the trial court explicitly informed Appellant that it would consider only a mitigated sentence *if the PSI confirmed* Appellant's ability to compensate his victims.  Further, the trial court admonished Appellant that in the event he was unable to pay the victims, he would face a prison sentence and probation.  Again, Appellant seemingly agreed to these terms. We, therefore, would conclude that his guilty plea was valid.

_____

[11] The plea transcript also indicates that Appellant agreed with the prosecution's facts underlying felony theft charge.  In particular, Appellant admitted to keeping money that his friends had given him to purchase real estate.  *See* N.T. Plea, 9/13/12, at 3-5.

For the reasons set forth above, we conclude that the trial court did not err in denying Appellant PCRA relief on his ineffectiveness claims.

Order affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2014